**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CHARLIE J. STEVENS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **NO. 7:14-cv-095-HL-TQL** |
| **VS.** | : | |
| | : | |
| **DR. ROLAND BROWN, et. al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Charlie J. Stevens, a former detainee at the Thomas County Jail in Thomasville, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review, the Court found that Plaintiff's Complaint failed to state a claim upon which relief may be granted. The Complaint was thus dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). However, because a more carefully drafted complaint could potentially state a claim for relief, the dismissal was without prejudice.[1] C.f., Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc). Judgment was entered on July 2, 2014.

Plaintiff has now filed a "Motion Not to Dismiss" (Doc. 8), which is construed as a Rule 60 motion for relief from judgment. See Fed. R. Civ. Pro. 60(b). Under Rule 60, "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3)

---

1. At the time of dismissal, the Court instructed Plaintiff that, if still he desired to purse his claims, he could file a new action. See Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice."(emphasis in original)).

"fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief."   Id.   Plaintiff's Motion falls well-short of meeting the legal standard under Rule 60.   In his Motion, Plaintiff simply repeats his previous allegations.   Plaintiff does not identify any "mistake," "newly discovered evidence" or "fraud" that might warrant relief from judgment; nor does he show that the judgment is somehow void or allege any "extraordinary circumstances" which would justify a reopening of the case.

The Court does note that Plaintiff has, in the present motion, now specifically alleged that the prison officials named in his Complaint "had actual knowledge of [his] serious medical need" and "failed to respond reasonably[y] by providing [plaintiff] with adequate medical treatment." Even if these recast allegations could be considered,[2] "[t]hreadbare recitals of the elements of cause of action, supported by mere conclusory statements" are not sufficient to state a claim under § 1983.   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Plaintiff's failure to allege specific facts showing that any one of the named defendants acted with deliberate indifference to an objectively serious medical need required dismissal of his Complaint. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) ("a bare, conclusory allegation . . . is insufficient, without more, to warrant further . . . consideration").   Plaintiff's "Motion Not to Dismiss" is accordingly **DENIED**.

**SO ORDERED**, this 18th day of July, 2014.

_s/ Hugh Lawson_____

Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

---

2 A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Fed. R. Civ. P. 59(e) or 60(b). Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed . . .").

jlr